REQUESTED BY: Dear Senator Haberman:
You have asked us whether LB 661, which would distribute a part of the receipts of parimutuel betting to the counties, would endanger the tax exempt status of Ak-SarBen, with either the state or federal governments. We are sure that it would not affect their status, so far as exemption from property tax is concerned. We cannot speak authoritatively on the question of exemption from federal income tax, but we have no reason to suspect that the bill would have any effect in that regard.
We are informed that Ak-Sar-Ben property is exempt from property tax under section 77-202(1)(c), which provides exemption for property owned by and used exclusively for agricultural and horticultural societies. This exemption is authorized by Article VIII, section 2 of the Nebraska Constitution.
LB 661 would amend section 2-1207, R.R.S. 1943, to provide that one half of the so-called breakage in parimutuel betting should be paid to the State Treasurer to be placed in the newly-created County Tax Relief Fund. The bill would also amend section 2-1208.01 to provide that half of the tax on parimutuel betting should be placed in the same fund. Section 4 of the bill provides that the money in that fund shall, from time to time, be divided equally among the counties in the state.
We fail to see how these provisions could even arguably affect Ak-Sar-Ben's status as an agricultural and horticultural society. That is the statutory test, and nothing in LB 661 would change its status.
We are not in a position to rule on the effect of the bill on federal exemptions. We are not sure under what federal provision Ak-Sar-Ben claims exemption from federal income tax, but we note that 26 U.S.C. § 501(c)(5) gives such exemption to agricultural and horticultural organizations. If Ak-Sar-Ben is exempt under that provision, requiring them to pay a tax or other payment to the State Treasurer, to be put into a fund for the benefit of various counties would not seem to change the nature of the organization.